**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DE'DRA THOMPSON,** *et al*.                                                      **PLAINTIFFS**

**v.**                                   **Case No.  4:24-cv-00834 KGB**

**CHRISTOPHER DAVID SLATON**                                        **DEFENDANT**

<u>**ORDER**</u>

Before the Court are a motion for leave to proceed *in forma pauperis* (Dkt. No. 1) and the complaint purportedly filed on behalf of plaintiffs De'dra Thompson and Carter Slaton (Dkt. No. 2).  In addition, Ms. Thompson has filed a motion for emergency dismissal and change of venue (Dkt. No. 3) and motion for name change and correction of Arkansas State records (Dkt. No. 5).  There also is pending a motion for status update (Dkt. No. 7).  The Court examines each pending motion in turn and screens the pending complaint.

**I.      Proper Party Plaintiff**

As an initial matter, the Court examines who purports to bring these claims.  Ms. Thompson files this action on behalf of herself and her son Carter Slaton.[1]  Only Ms. Thompson has signed the complaint and sought to proceed *in forma pauperis*.  Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided they do so for themselves and in connection with their own business.  When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity.  Because Ms. Thompson is not a licensed attorney, filing the complaint on her and her son Carter's behalf constitutes the unauthorized practice of law; this is true even though Carter Slaton is her

---

[1]  The Court understands from Ms. Thompson's motion for leave to proceed *in forma pauperis* that plaintiff Carter Slaton is Ms. Thompson's minor son (Dkt. No. 1, at 2).

minor son. *See Crozier for A.C. v. Westside Community School Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves."); *Bass ex rel. L.B. v. State*, 219 S.W.3d 697, 698-99 (Ark. Ct. App. 2005) (determining that a non-lawyer father cannot appeal on behalf of his minor child because it constitutes the unauthorized practice of law). Accordingly, the Court will only screen Ms. Thompson's claims, as Carter Slaton's claims are not properly before this Court at this time.

## II.    Motion To Proceed *In Forma Pauperis*

Only Ms. Thompson has filed a motion and completed a form seeking leave to proceed *in forma pauperis* in this action (Dkt. No. 1). Based on Ms. Thompson's application, she has neither the funds nor the income to pay the filing fee. Therefore, the Court grants Ms. Thompson's motion to proceed *in forma pauperis* and permits her to proceed without prepayment of the filing fee (Dkt. No. 1).

## III.    Screening Complaint

While Ms. Thompson is not incarcerated, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the Court must screen Ms. Thompson's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th

Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

Reading the complaint liberally, Ms. Thompson seeks to challenge the custody of her children and to hold Christopher David Slaton in criminal contempt under federal criminal statutes (Dkt. No. 2). Ms. Thompson cannot obtain the relief she seeks in this Court. Ms. Thompson cannot seek redress in federal court for issues related to custody. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Further, the Attorney General and the United States Attorneys, not this Court, retain discretion to enforce federal criminal laws. *U.S. v. Armstrong*, 517 U.S. 456, 464 (1996). The decision whether to prosecute and what charges to bring before a grand jury generally rests entirely in their discretion. *Id.*

For these reasons, the Court dismisses Ms. Thompson's complaint without prejudice for failure to state a claim on which relief can be granted. Given this controlling law, even if Carter Slaton were to attempt to bring these same claims on his own behalf in this action, the Court would dismiss without prejudice his claims because he cannot obtain the relief the complaint seeks in this Court.

## IV.    Other Pending Motions

Because the Court dismisses without prejudice Ms. Thompson's complaint and because Carter Slaton's claims are not properly before the Court for reasons explained in this Order, the Court denies as moot Ms. Thompson's motion for emergency dismissal and change of venue (Dkt. No. 3) and Ms. Thompson's motion for name change and order of correction (Dkt. No. 5). The Court also denies as moot the motion for status update filed by James Thompson, who is not a

party to this case, and denies as moot Mr. Thompson's request that this case be reassigned to a different Judge (Dkt. No. 7).

It is so ordered this 23rd day of July, 2025.

Kristine G. Baker
Chief United States District Judge